UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

DOMICIANO REDONDO,

    Plaintiff,

vs.                                          Case No. 6:15cv-1818-Orl-A0DAB

BOARD OF TRUSTEES OF EASTERN FLORIDA STATE COLLEGE,

    Defendant.

_____/

**VERIFIED COMPLAINT; DEMAND FOR JURY TRIAL;
DECLARATORY AND INJUNCTIVE RELIEF SOUGHT**

Comes now Plaintiff, Domiciano Redondo, by and through undersigned Counsel, and files this Verified Complaint; Demand for Jury Trial; Declaratory and Injunctive Relief Sought; and states:

**Count I. Suppression of Rights of Free Speech and Petition**

**42 U.S.C. § 1983**

1. Subject matter jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1443 because of the federal laws and federal civil rights at issue herein. Plaintiff's action for declaratory relief is authorized by 28 U.S.C. § 2201, 28 U.S.C. § 2202 and Rule 57 of the Federal Rules of Civil Procedure. Plaintiff's action for injunctive relief is authorized by Rule 65 of the Federal Rules of Civil Procedure.

2. Venue is proper in this Court because the actions at issue herein occurred in Brevard County, Florida.

3. Plaintiff, Domiciano Redondo, is a 68-year-old resident of Brevard County, Florida.

4. Defendant, the Board of Trustees of Eastern Florida State College (the Board), is the State of Florida subdivision that oversees the Eastern Florida State College, which has at least four campuses in Brevard County, Florida. The Board is sued in its official capacity.

5. For the past several years, Mr. Redondo has visited the Cocoa campus of Eastern Florida State College (EFSC (formerly Brevard Community College)) to obtain regular dental care and almost every weekday visited the library of the EFSC Melbourne campus to use the public computers therein designated for "Community Use."

6. Although several computers in the library of the Melbourne campus are designated for "Community Use," Mr. Redondo usually is the only person in the library using any of those computers when he is there. Nevertheless, library staff and a sign in the library state that use of a public computer is limited to one hour. Even when no other person is using one of the computers or waiting to use one of the computers, Mr. Redondo has not been allowed to use one of the public computers for longer than one hour; and once he has used one of the public computers for an hour, he is not allowed to use any of the public computers, even when all of the public computers are just sitting there, idle.

7. On February 9, 2015, Mr. Redondo wrote and mailed a formalistic letter to the President of EFSC, asking that the one-hour rule be changed to allow continued use of a computer if the computer would otherwise be sitting idle and unused. (See Mr. Redondo's 2/9/15 letter to EFSC President, attached hereto.)

8. On February 12, 2015, a few minutes after Mr. Redondo arrived at the library on the EFSC Melbourne campus to use the computer, he suddenly was approached by a uniformed City of Melbourne police officer and informed that he was being "trespassed" from EFSC property, including both the Melbourne and Cocoa campuses. (See "Trespass Order," attached hereto.)

9. While a number of people gawked, the policeman placed Mr. Redondo in the back seat of a waiting marked patrol car and drove Mr. Redondo to his, Mr. Redondo's, vehicle in the EFSC parking lot.

10. The Board, presumably through the EFSC President, had Mr. Redondo banished from all EFSC property, including the Melbourne and Cocoa campuses where Mr. Redondo often accessed public computers and regularly obtained dental care.

11. The Board, presumably through the EFSC President, had Mr. Redondo banished from EFSC property because Mr. Redondo petitioned EFSC to rescind or modify its one-hour rule governing computer use.

12. The Board, presumably through the EFSC President, had Mr. Redondo banished from EFSC property because of the viewpoint he expressed in his letter to the EFSC President.

13. At all times, Mr. Redondo conducted himself peaceably and as a gentleman when on EFSC property.

14. Under the First Amendment of the Constitution of the United States, as applied to the states by the Fourteenth Amendment, Mr. Redondo has a right to free speech and a right to petition government.

15. The Board banished Mr. Redondo from EFSC property because he petitioned the EFSC President and/or expressed his viewpoint in the petition that was disagreeable to the Board and/or the EFSC President or its other employees and agents.

16. At all times relevant, the EFSC President and the Board's other agents and employees were acting within the course and scope of their employment or agency, with an intent to further the interests of the Board.

17. The Board's actions as alleged herein violated Mr. Redondo's First Amendment rights to free speech and to petition government.

18. In violation of 42 U.S.C. § 1983, the Board's violation of Mr. Redondo's constitutional rights were committed under color of state law.

19. The Board's violation of Mr. Redondo's rights is due to the Board's policy or custom of allowing its employees and agents to suppress the speech and petitions of people in whom the Board and/or its agents and employees disagree.

20. Additionally or alternatively, the Board is negligent in training and/or supervising its agents and employees who participated in the violation of Mr. Redondo's rights to free speech and petition because the Board failed to adequately train and/or supervise its agents and employees to handle recurring situations presenting an obvious potential for such violation.

21. In light of the duties of protecting citizens against denial of the rights of free speech and petition, the need for more or different training and/or supervision is and has been so obvious that the Board is deliberately indifferent to the need for such supervision and training.

22. As a direct and proximate result of the Board's violation of Mr. Redondo's rights as described in this Count, he has been injured and has suffered damages, including mental anguish and emotional distress and economic damages.

23. Mr. Redondo demands all relief that is just and equitable from the Board, including a declaratory judgment overturning the suppression, recision of the trespass order, compensatory damages, costs, and attorney fees as provided by 42 U.S.C. § 1988.

**Demand for Jury Trial**

Mr. Redondo demands trial by jury on all issues so triable.

**VERIFICATION**

Pursuant to Florida Statute § 92.525 and under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true and correct.

Signed and Dated this ____ day of September, 2015, by:

_____
Domiciano Redondo

Respectfully submitted by:

s/ Mark E. Tietig

Mark E. Tietig, Trial Counsel
Fla. Bar No. 105465
Tietig & Tietig, P.A.
6065 South Tropical Trail
Merritt Island, FL 32952
(321) 452-9944
Facsimile: (321) 452-6960
mt@tietig.com
Attorney for Plaintiff